Donovan, J.
On October 15, 1986 the plaintiffs signed a purchase and sale agreement with the defendant for the construction and sale of a single-family house in the Canoe River Subdivision, Sharon Massachusetts. The agreement contained express warranties which the agreement stated survived the delivery of the deed.
The plaintiffs filed this action as a result of extensive settling of the foundation which plaintiffs allege was caused by the use of cobbles, boulders and organic material used as backfill and which did not compact evenly. As a result there is, among other issues, cracking in walls, ceilings and separation of the doors from the frames. Discovery of these problems *102 and the cause was made in 1999. The plaintiffs allege in Count I breach of the express warranties set forth in the contract. They move for a real estate attachment against the defendant’s based on the express warranties and in its capacity as seller of the house.
The defendant opposes the request claiming protection under G.L.c. 260, §2B, the statute of repose. It also filed a motion for summary judgment founded on the same arguments.
DISCUSSION
The defendant claims the complaint sounds in tort and should be subject to the statute of repose. It is clear all tort claims and implied warranties cannot be maintained because the six years allowed by the statute of repose for the construction of the house expired at least by 1992. However, the court has stated that a claim for breach of an express warranty sounds in contract and is not subject to the statute of repose." Anthony’s Pier 4, Inc. v. Crandall Drydock Engrs., Inc., 396 Mass. 818, 822 (1986). “The claim for breach of an express warranty, an action in contract, is not governed by the statute of repose. Klein v. Catalano, 386 Mass. 701, 708, 437 N.E.2d 514 (1982). What differentiates the promise implied by law and an express warranty is that the ’’standard of performance is set by the defendants’ promises, rather than imposed by law." Anthony's Pier Four, Inc. v. Crandall Dry Dock Engrs., Inc., Id. at 822. More specifically, an express warranty promises that a specific result will be achieved — in contrast to a promise implied by law — namely, that the work of the professional conforms to the standards of his or her profession." Coca-Cola Bottling Co. of Cape Cod v. Weston & Sampson Engineers, Inc., 45 Mass.App.Ct. 120, 128 (1998).
In addition to the express warranties the defendant wore a second hat. That is as the seller of the property. As such the statute of repose does not apply. Sullivan v. Iantosca, 409 Mass. 786, 799-800 (1991).
ORDER
For the foregoing reasons the plaintiffs’ motion for a real estate is allowed in the amount of $75,000.00 subject to the defendant filing within fifteen days of this order a bond in the stated amount. The motion for summary judgment is allowed as to all tort-based claims and is denied as to express warranties and claims under c. 93A founded on the express warranties.